IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| DONNA AUSBORN, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | CIVIL ACTION |
| | * | FILE NO. 1:23-cv-02925-JPB |
| ILLINOIS UNION INSURANCE | * | |
| COMPANY, d/b/a CHUBB®, | * | |
| | * | |
| Defendant. | * | |

### PLAINTIFF'S REPLY IN SUPPORT OF AND AMENDMENT TO MOTION FOR JOINDER OF ADDITIONAL PARTIES

COMES NOW Plaintiff Donna Ausborn and hereby replies to Defendant Illinois Union Insurance Company's response to Plaintiff's Motion for Joinder as follows, and hereby amends the Motion for Joinder as specified in the footnote below, showing the Court as follows:

Defendant's primary argument against joinder of the City of East Point[1] and

---

[1] Plaintiff's motion for joinder (Doc. 8) sought to join the City of East Point employees who are judgment debtors of Plaintiff as necessary and dispensable parties, as well as to permissively join both the judgment debtors and the City itself as interested parties. However, the prayer for relief only mentioned the employees, an oversight on counsel's part which is hereby corrected by amendment. Accordingly, Plaintiff also seeks to add the City of East Point in view of its vested interest in the outcome, since it has a duty to defend and indemnify its employees under the subject insurance policy as well as to indemnify them under local ordinance to the extent the policy does not require the insurer to do so. Plaintiff

the three city employees who are judgment debtors of Plaintiff is that doing so would constitute "fraudulent joinder" to defeat diversity. That would only be true if there were no bona fide basis for joinder other than to defeat jurisdiction, which is not the case here given that the employees are directly liable on the underlying judgment and the City has duties under the insurance contract and a financial interest in the outcome. In any event, fraudulent joinder would only be a defense if a motion to remand to state court were filed by Plaintiff, which has not happened.

Mere speculation that a present or future party might move to remand the case if Plaintiff's motion is granted does not change the fact there are interested parties who should be joined. At this juncture, Plaintiff's counsel takes no position one way or the other as to whether the case would be subject to remand given that the central dispute is between parties of diverse citizenship and the interested parties are on the same side of the "V" as Plaintiff for purposes of the coverage issue. Should anyone move to remand the case, Defendant will be free to oppose remand based on either "fraudulent joinder" or any legitimate jurisdictional arguments which may apply.

Respectfully submitted this 24th day of July, 2023.

---

also believes the City can opt to intervene even if not joined by this motion.

>*/s/ Craig T. Jones*
>CRAIG T. JONES
>Georgia Bar No. 399476
>Counsel for Plaintiff

CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com

## CERTIFICATE OF SERVICE

I hereby certify that on this date, I served the foregoing motion upon the following counsel via the Court's efiling system:

Alycen A. Moss, Esq.
Elliot Kerzner, Esq.
COZEN O'CONNOR
The Promenade, Suite 400
1230 Peachtree Street, N.E.
Atlanta, Georgia 30309

***and*** upon the following counsel for the City of East Point via email and First Class U.S. Mail:

Randy Turner, Esq.
Turner Ross Germain, LLC
1501 Johnson Ferry Road,
Suite 100
Marietta, Georgia 30062
rturner@lawtrg.com

Respectfully submitted this 24th day of July, 2023.

>   */s/ Craig T. Jones*
>   Craig T. Jones
>   Georgia Bar No. 399476
>   Counsel for Plaintiff

 CRAIG T. JONES, P.C.
Post Office Box 129
Washington, Georgia 30673
(678) 643-0062
craigthomasjones@outlook.com